IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JS PRODUCTS, INC.,

      Plaintiff,

  vs.                                              Civil Action 2:09-CV-311
                                                    Judge Frost
                                                    Magistrate Judge King

STANDLEY LAW GROUP, LLP,

      Defendant.


**OPINION AND ORDER**

       This is a diversity action in which plaintiff alleges that opinion letters issued by the defendant law firm and its employees were erroneous and subjected plaintiff to a lawsuit alleging patent infringement and associated expenses. Plaintiff asserts claims of breach of contract and negligence. Following the Rule 16 conference held on July 8, 2009, the Court issued a preliminary pretrial order requiring, *inter alia*, that motions for leave to amend the pleadings be filed, if at all, no later than September 18, 2009. *Preliminary Pretrial Order*, p.1, Doc. No. 13. This matter is now before the Court on the February 15, 2010, *Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint*, Doc. No. 20 ["*Motion to Amend Complaint*"], on *Plaintiff's Motion to Amend Scheduling Order to Permit Consideration of Plaintiff's Motion for Leave to File First Amended Complaint*, Doc. No. 27 ["*Motion to Amend Scheduling Order*"], and on *Plaintiff's Contingent Motion for Leave to File Plaintiff's Amended Complaint*, Doc. No. 29 ["*Contingent*

*Motion to Amend Complaint*"]. For the reasons that follow, the motions are **DENIED**.

The *Motion to Amend Complaint* seeks to join as defendants to the negligence malpractice claim two partners of the defendant law firm. The *Contingent Motion to Amend Complaint* asks that the two partners be named as defendants to the contract claim in the event the Court, in resolving defendant's *Motion for Judgment on the Pleadings*, Doc. No. 22,[1] concludes that the partners be named as defendants to that claim as well. Plaintiff bases both motions on the decision of the Ohio Supreme Court in *National Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St. 3d 594 (2009), which held that "[a] law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice." *Id.*, syllabus 2. Defendant opposes both motions, arguing that the motions themselves are untimely as would be the claims sought to be asserted by the motions.

As noted *supra,* motions for leave to amend the complaint were to have been filed on September 18, 2009. *Preliminary Pretrial Order*, p. 1. Plaintiff's *Motion to Amend Complaint* was filed almost five (5) months later and its *Contingent Motion to Amend Complaint* was filed on March 29, 2010 – more than six (6) months later. As plaintiff itself recognizes, *see Motion to Amend Scheduling Order*, grant of leave to amend the complaint would require a modification of the *Preliminary Pretrial Order*.

Rule 16 of the Federal Rules of Civil Procedure permits modification of a

---

[1] Plaintiff is under the mistaken belief that the *Motion for Judgment on the Pleadings* will be resolved by the undersigned. That dispositive matter will be resolved by the District Judge.

scheduling order "only for good cause and with the judge's consent."  Rule 16(b)(4).  A court considering a request to modify the schedule may do so only "'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)(citing Fed. R. Civ. P. 16, 1983 Advisory Committee Notes).  "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment."  *Id.* (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).  This Court concludes that plaintiff has not established good cause for the requested extension nor has it established diligence in seeking leave to amend the complaint.

Plaintiff argues that *Wuerth*, which was decided by the Ohio Supreme Court on July 29, 2009 – less than one month after the Rule 16 conference and more than one month prior to the date established for filing motions to amend – "did not come to Plaintiff's attention until after the September 18, 2009 date to seek leave to amend." *Motion to Amend Scheduling Order*, p.2.  Plaintiff also notes that a motion to reconsider that decision was not resolved until September 30, 2009, and that the Ohio Supreme Court's opinion in *Wuerth* did not "become a record decision with general circulation until October 12, 2009."  *Id.*, citing *Affidavit of Nelson E. Genshaft*, attached as *Exhibit A*.  While all that may be true, that chronology simply does not explain why plaintiff waited nearly another four (4) months before filing its *Motion to Amend Complaint*.  Moreover, the expenses associated with defendant's *Motion for Judgment on the Pleadings*, which

3

was not filed until March 5, 2010 and which relies on *Wuerth*, would likely not have been incurred had plaintiff sought leave to amend in timely fashion.

In short, the Court concludes that plaintiff's *Motion to Amend the Scheduling Order*, Doc. No. 27, is without merit and it is therefore **DENIED.** It follows, then, that plaintiff's *Motion to Amend Complaint*, Doc. No. 20, and plaintiff's *Contingent Motion to Amend Complaint*, Doc. No. 29, must be and they are hereby **DENIED**.


<u>May 20, 2010</u>                                                       <u>  *s/Norah McCann King*  </u>
                                                                               Norah M<sup>c</sup>Cann King
                                                                           United States Magistrate Judge