UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JS PRODUCTS, INC.,

   Plaintiff,

              Case No. 09-cv-311
v.              JUDGE GREGORY L. FROST
              Magistrate Judge Norah McCann King

STANDLEY LAW GROUP, LLP,

   Defendant.

**OPINION AND ORDER**

   This matter is before the Court on Plaintiff's Motion to Vacate Order of June 30, 2010 Denying Plaintiff's Objections to Magistrate Judge Order to Permit Consideration of Plaintiff's Arguments in Reply to Defendant's Opposition ("Plaintiff's Motion to Vacate") (Doc. # 44), Defendant Standley Law Group's Memorandum in Opposition to Plaintiff's Motion to Vacate this Court's June 30, 2010 Order (Doc. # 48), and Plaintiff's Reply Memorandum in Support of its Motion to Vacate Order of June 30, 2010 (Doc. # 49).  For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Vacate.

**I.  Background**

   On April 21, 2009, Plaintiff filed the instant action, alleging that opinion letters issued by Defendant law firm and its employees were erroneous and subjected Plaintiff to a lawsuit alleging patent infringement and associated expenses.  Plaintiff asserts claims of breach of contract and negligence.

   On July 8, 2009, the parties attended the preliminary pretrial conference held before United States Magistrate Judge Norah McCann King, who then issued an order requiring, *inter*

*alia*, that motions to amend the pleadings be filed, if at all, no later than September 18, 2009. (Doc. # 13.)

On February 15, 2010, Plaintiff moved for leave to file its first amended complaint, seeking to substitute two partners of Defendant law firm as defendants to the negligence claim. (Doc. # 20) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594 (2009)).[1]

Defendant subsequently filed a motion for judgment on the pleadings, arguing that Plaintiff's claims were time-barred. (Doc. # 22 at 6) (citing *Wuerth*, 122 Ohio St.3d 594) ("the established precedent for either medical or legal malpractice claims requires that if the statute of limitations has expired as to the individual attorneys, the action against the law firm cannot be maintained and must be dismissed"). Thereafter, Plaintiff filed a contingent motion to amend the complaint, asking that the two partners be named as defendants to the contract claim in the event that the Court, in resolving Defendant's Motion for Judgment on the Pleadings concludes that the partners must be named as defendants to that claim as well. Plaintiff also moved to amend the scheduling order to extend the deadline for filing motions addressing the parties or pleadings. (Doc. # 27.)

On May 21, 2010, Magistrate Judge King denied Plaintiff's motions for leave to file a first amended complaint, to amend the scheduling order, and its contingent motion for leave to file a first amended complaint. (Doc. # 36.) In so ruling, the Magistrate Judge concluded, among other things, that Plaintiff had failed to explain its delay in seeking leave to amend the

---

[1] *Wuerth* held that "a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice." *Id.* at 600.

complaint.  *Id.* at 3.

On June 7, 2010, Plaintiff filed its objections to Magistrate Judge King's Opinion and Order ("Plaintiff's Objections") (Doc. # 41) and on June 24, 2010, Defendant filed a memorandum in opposition to Plaintiff's Objections (Doc. # 42).  On June 30, 2010, this Court issued an Opinion and Order overruling Plaintiff's Objections.  (Doc. # 43.)  Plaintiff has now filed a motion to vacate that decision.

## II.  Discussion

Plaintiff requests that this Court vacate its Opinion and Order that overruled Plaintiff's Objections.  Plaintiff argues that the Court prematurely considered and ruled upon Plaintiff's Objections because the Court did not permit Plaintiff the opportunity to file a reply memorandum.  This Court disagrees.

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to serve and file objections to a magistrate judge's order on a nondispositive matter within 14 days after being served with a copy of the order.  Fed. R. Civ. P. 72(a).  The Rules Advisory Committee's Comment to the 1983 Addition to Rule 72(a) states that "[i]t is also contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling."  Rule 72 does not specifically provide for, nor does it contemplate in its comments, the filing of a reply memorandum in support of a party's objection.  Recognizing this, Plaintiff contends that it filed its reply memorandum pursuant to Local Rule 7.2.

Local Rule 7.2, however, does not apply to objections to a magistrate judge's order. Local Rule 7.2 specifies that it applies to "[m]otions and applications tendered for filing," such

3

as applications for the entry of default.  Here, Plaintiff did not file a motion or an application; but instead filed an objection.

With regard to Plaintiff's Objections, it is apparent and it is proper that Plaintiff filed it pursuant to Federal Rule 72, *i.e.*, within 14 days of the Magistrate Judge's decision.  *See* Fed. R. Civ. P. 72.   Defendant then, also pursuant to Federal Rule 72, filed its memorandum in opposition within 14 days after the date of service of the objection.  *Compare* Fed. R. Civ. P. 72 (permitting memoranda in opposition to an objection to be filed 14 days after date of service of objection) with S. D. Ohio Civ. R. 7.2(a)(2) (permitting memoranda in opposition to motion or application to be filed 21 days after date of service of motion or application).  This completed the briefing permitted on Plaintiff's Objections.

The Court notes that, even if Plaintiff had a right to file a reply memorandum, such a filing would not necessitate this Court's vacation of its Opinion and Order on Plaintiff's Objections.  This is because there is nothing in Plaintiff's proposed reply brief that would cause this Court to change its decision that the Magistrate Judge's Opinion and Order was not clearly erroneous or contrary to law.

### III.  Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Vacate.  (Doc. # 44.)

**IT IS SO ORDERED.**

<u>**/s/ Gregory L. Frost**</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**