UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JS PRODUCTS, INC.,

        Plaintiff,

v.

        Case No. 09-cv-311
        JUDGE GREGORY L. FROST
        Magistrate Judge Norah McCann King

STANDLEY LAW GROUP, LLP,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Standley Law Group, LLP's Motion for Judgment on the Pleadings (Doc. # 22), Plaintiff's Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings (Doc. # 28), Defendant Standley Law Group, LLP's Reply Memorandum in Support of Motion for Judgment on the Pleadings (Doc. # 30), Defendant's Motion for Markman Hearing or in the Alternative to Have Requests for Admissions Deemed Admitted (Doc. # 33), and Plaintiff's Application for Leave to File Under Seal Memorandum in Opposition to Defendant's Motion for Markman Hearing (Doc. # 37). For the reasons that follow, the Court **GRANTS** Defendant Standley Law Group, LLP's Motion for Judgment on the Pleadings, **DENIES as MOOT** Defendant's Motion for Markman Hearing or in the Alternative to Have Requests for Admissions Deemed Admitted, and **DENIES as MOOT** Plaintiff's Application for Leave to File Under Seal Memorandum in Opposition to Defendant's Motion for Markman Hearing.

## I.  Background

The facts contained in this section are taken from the complaint and from the exhibits attached to Plaintiff's Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings.  Plaintiff JS Products, Inc.'s exhibits can properly be considered here without converting Defendant's motion to one for summary judgment because they "are referred to in [Plaintiff]'s complaint and are central to [Plaintiff's] claim[s]."  *Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

JS Products develops, manufactures, and markets tool and hardware products for resale under various labels and brands.  JS Products requested that Defendant Standley Law Group, LLC advise it as to whether particular flashlights could be produced without infringing patents, particularly those assigned to MAG Instrument, Inc.

On July 20, 2006, Standley Law Group, through its members Eric M. Gayan, and Wesly A. Alig, issued a written opinion advising JS Products that it could market the contemplated flashlights without infringing any patents.  On August 17, 2007, Standley Law Group, through its member Jeffrey M. Standley, issued a second opinion supplementing its previous opinion and indicating that JS Products could market certain other flashlights without infringing any patents.

In reliance on these letters, JS Products manufactured and marketed the contemplated flashlights under the Snap-On brand name.

On April 29, 2008, MAG filed a lawsuit in the United States District Court for the Central District of California against JS Products.  MAG alleged that JS Products' Snap-On flashlights infringe MAG patents.  JS Products was first notified of the lawsuit on April 30, 2008.

On April 21, 2009, JS Products filed the instant action, alleging that opinion letters issued by Standley Law Group and its employees were erroneous and subjected JS Products to the lawsuit filed by MAG.  JS Products asserts claims of breach of contract and negligence.

## II.  Standard

Defendant Standley Law Group moves for judgement on the pleadings under Fed. R. Civ. P. 12(c).  The Court reviews motions made under Fed. R. Civ. P. 12(c) in the same manner it would review a motion made under Fed. R. Civ. P. 12(b)(6).  *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006).  Accordingly, to survive a motion for judgment on the pleadings a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 570 (2007).  To be considered plausible, a claim must be more than merely conceivable.  *Id.* at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (clarifying the plausibility standard articulated in *Twombly*).  The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

## III.  Discussion

Standley Law Group moves for judgment on the pleadings on both JS Products' claims for relief.

**A.  Legal Malpractice**

Standley Law Group argues that it is entitled to judgment on the pleadings on JS

3

Products' legal malpractice claim because Standley Law Group cannot be held directly or vicariously liable for that claim. This Court agrees.

The Ohio Supreme Court has held that a law firm does not engage in the practice of law and therefore cannot directly commit legal malpractice. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, ¶ 1 of syllabus (Ohio 2009). With regard to vicarious liability, the *Wuerth* Court, applying established precedent set in medical malpractice actions to law firms, held that "a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice." *Id.* at ¶2 of syllabus. Here, no individual lawyer was named as a defendant in this action nor can one be named now because the statute of limitations has run. *See* Ohio Rev. Code § 2305.11 (one year statute of limitations on malpractice claims).

The Ohio Supreme Court case *Comer v. Risko*, 106 Ohio St.3d 185 (2005), is instructive. The *Comer* Court held there could be no viable claim against a hospital where the statute of limitations against the individual physician had already expired. The plaintiff in *Comer* failed to name two physicians, who were allegedly agents of the hospital. After the statute of limitations had expired as to the individual physicians, the hospital moved for summary judgment, which was granted. The Ohio Supreme Court concluded that there could be no viable claim against the hospital if the statute of limitations against the individual physicians had expired. The *Comer* plaintiff could have filed against the individual physicians when he initially filed the malpractice action against the hospital. The Ohio Supreme Court was not sympathetic to the plaintiff's failure to name the individual physicians however, and upheld summary judgment that was granted in favor of the hospital. Similarly here, there can be no viable claim against the

Defendant law firm if the statute of limitations against the individual attorneys has expired.

The Court therefore concludes that accepting all JS Products' factual allegations as true, it has failed to state a claim for legal malpractice that is plausible on its face. Accordingly, Standley Law Group is entitled to judgment on the pleadings on JS Products' legal malpractice claim.

## B. Breach of Contract

Standley Law Group argues that it is entitled to judgment on the pleadings on JS Products' breach of contract claim because, under Ohio law, it makes no difference whether the professional misconduct sounds in tort or in contract, this Court must view the alleged misconduct as legal malpractice. Once the claim is viewed as a claim for legal malpractice, it can only be filed against individual attorneys and not against a law firm. Here, however, the one year statute of limitations bars any claim against any individual attorney. Standley Law Group's arguments are well taken.

The Ohio Supreme Court has held that "malpractice consists of 'the professional misconduct of members of the medical profession and attorneys.' " *Muir v. Hadler Real Estate Management Co.*, 4 Ohio App.3d 89, 90 (Ohio App. 10 Dist., 1982) (quoting *Richardson v. Doe*, 176 Ohio St. 370, 372 (Ohio 1964)). It makes no difference whether the professional misconduct is found in tort or contract, it still constitutes malpractice. *Id.* ("Malpractice by any other name still constitutes malpractice.").

In *Muir*, the third party defendant-attorney filed a motion for summary judgment based upon the third party plaintiff's failure to file within the applicable one year statute of limitations. The third party plaintiff argued that the statute of limitations for breach of contract applied, as

5

the third party claims were predicated upon indemnification, rather than malpractice. The Ohio appellate court held:

> An action against an attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages.

*Id.* at 89-90. The *Muir* court applied the one year statute of limitations found in Ohio Revised Code § 2305.11, despite the third party plaintiff's argument that the claims sounded in contract.

In *Omlin v. Kaufman & Cumberland Co., L.P.A.*, 8 Fed.Appx. 477 (6th Cir. 2001), the United States Court of Appeals for the Sixth Circuit applied the *Muir* decision and affirmed summary judgment granted to the defendant in an Ohio legal malpractice case, explaining:

> Although Omlin argues that this action was not a malpractice action, but a breach of contract, breach of fiduciary duty, and tort action, an "action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages." *Muir v. Hadler Real Estate Mgmt. Co.*, 4 Ohio App. 3d 89, 446 N.E.2d 820, 822 (Ohio Ct. App. 1982). The *Muir* court noted that: "malpractice by any other name still constitutes malpractice . . . . Misconduct may consist either of negligence or of the breach of the contract of employment. It makes no difference whether the professional misconduct is found in tort or contract, it still constitutes malpractice. Accordingly, the one year malpractice statute of limitations set forth in R.C. 2305.11 is applicable." *Id.* Thus, Omlin's attempt to characterize her action as something other than a legal malpractice proceeding is without merit.

*Id.* at 479 (affirming the district court's grant of summary judgment because the action was time-barred, stating "the undisputed facts establish that [Omlin's] attorney-client relationship with Kaufman & Cumberland terminated on January 6, 1998 [and] she did not file her complaint until January 8, 1999").

In the case *sub judice*, JS Products filed two claims, legal malpractice and breach of contract, against Standley Law Group regarding the advice and counsel provided by certain

6

individual attorneys. JS Products sets forth it breach of contract claim as follows:

> Plaintiff specifically engaged Defendant Standley to provide advice and counsel with particular emphasis upon MAG's patents and intellectual property rights because of MAG's flashlight industry dominance and its known propensity to vigorously enforce its intellectual property rights and Standley agreed to provide said advice and counsel on such issues.

(Doc. # 2 ¶ 16.)

JS Products further alleged:

> Defendant breached the afore stated agreement by incorrectly describing the scope and application of the 5,267,131 patent with respect to JS Products' flashlights and by failing to advise Plaintiff as to the existence and potential application of design patents D530,438 and D530,439 to the JS Product[s'] flashlight models.

*Id.* ¶ 17.

Based upon the foregoing, this Court finds that JS Products' breach of contract claim is based upon the manner in which the individual attorneys at Standley Law Group represented JS Products in providing "advice and counsel." As such, regardless of whether JS Products' allegations are predicated upon contract or tort, such claims allege attorney malpractice, and accordingly, are applicable only to individual attorneys, as opposed to a firm, and are subject to the one year statute of limitations provided in Ohio Revised Code § 2305.11. *See Wuerth*, 122 Ohio St.3d at ¶ 2 of syllabus ("a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice"); *see also Comer*, 106 Ohio St.3d at 189 (there could be no viable claim against a hospital where the one year statute of limitations against the individual physician had already expired).

JS Products argues that it has filed discrete contract claims against Standley Law Group that are distinct from the tort claims based upon malpractice. JS Products contends that *Wuerth* addresses only law firm liability for legal malpractice and has "no application or relevance to

7

contract principles whatsoever." (Doc. # 28 at 3.) JS Products supports this assertion with the *Wuerth* concurring opinion and with *Reminger & Reminger Co., L.P.A. v. Fred Siegel Co.*, No. 77712, 2001 Ohio App. LEXIS 760 (Ohio Ct. App. March 1, 2001).

JS Products relies upon Chief Justice Moyer's concurring opinion in *Wuerth* where the Chief Justice explains that the majority "opinion does not reach questions of the duties and liabilities of a law firm that may arise from a general engagement agreement with a client." 122 Ohio St.3d at 602, fn. 3. In its reply memorandum, Standley Law Group argues that Chief Justice Moyer's concurring opinion in *Wuerth* does not apply to the specific engagement agreement at issue in this case. This Court agrees.

In Chief Justice Moyer's concurring opinion, he reviews a case in which a plaintiff sued his former trial lawyer for malpractice. *See id.* at 602 (citing *Blackwell v. Gorman*, 142 Ohio Misc.2d 50, 2007 Ohio 3504, P 1 (Ohio Misc. March 8, 2007)). The *Blackwell* case was relied upon by the *Wuerth* petitioner for the proposition that "a law firm could independently commit malpractice or engage in an attorney-client relationship on its own." *Id.* The Chief Justice explained that, "[a]lthough the trial court referred generally to 'representation' and 'work performed' by the law firm, the decision specifically references work performed by individual attorneys, including the named individual attorney defendant, who worked for the client well within the one-year limit." *Id.* at 602. Chief Justice Moyer then added a footnote distinguishing specific work performed by the individual attorneys from a law firm's general engagement agreement with a client:

> We do not address today the complex attorney-client relationship that arises when a client employs several different or successive attorneys in the same firm, nor do we confront the interplay of those relationships and the tolling events listed in R.C. 2305.11(A). Similarly, our opinion does not reach questions of the duties and

8

>liabilities of a law firm which may arise from a general engagement agreement with a client. Those questions are beyond the scope of the question of state law certified by the Sixth Circuit Court of Appeals.

*Id.* at 602, fn.3.

In the instant action, as just quoted above, paragraph 16 and 17 of the complaint state that JS Products "specifically engaged" Standley Law Group "to provide advice and counsel" regarding certain flashlight patents. JS Products alleges that it was this specific engagement agreement that was allegedly breached by the professional malpractice of the attorneys working for Standley Law Group. JS Products' attempt to frame the alleged breach as one of a "general engagement agreement," fails because JS Products does not base its breach of contract claim upon any conduct other than negligent malpractice. *See e.g. State ex rel. Clevenger v. D'Apolito*, 2004 Ohio 5129, 2004 Ohio App. LEXIS 4668 (Ohio App. Sept. 23, 2004) (breach of contract claim regarding fee dispute between client and law firm).

The *Reminger & Reminger* decision too is not helpful to JS Products. JS Products relies upon that case for the proposition that JS Products' breach of contract claim can be filed directly against the defendant law firm, Standley Law Group. The *Reminger & Reminger* decision, however, is a lawsuit that relates to a law firm's claim for attorneys' fees and has nothing to do with any alleged professional misconduct of the individual attorneys in the law firm. Certainly a law firm or a client can sue for breach of contract related to the payment or non-payment of fees. Such a law suit cannot be compared to the subject action, in which Plaintiff is alleging professional misconduct of the attorneys within the Standley Law Group. Again, JS Products does not base its breach of conduct claim upon any conduct other than negligent malpractice.

Next, JS Products argues that "Ohio law has consistently recognized the distinction

between tort and contractual malpractice claims." (Doc. # 28 at 3.) JS Products argues that "nothing in *Muir* alters Ohio law permitting a claim against an attorney to be presented as a contract or a tort claim, and Standley offers no authority supporting its position on this point." *Id.* at 4.

While JS Products is correct that nothing in *Muir* alters Ohio law permitting a claim against an attorney to be presented as a contract or a tort claim, such malpractice claims for professional misconduct of an attorney, whether presented as a contract or a tort claim, cannot be filed directly against a law firm, as set forth in *Wuerth*. *Muir* defines malpractice as the professional misconduct of attorneys and states that it makes no difference whether the professional misconduct is founded in tort or contract, it "still constitutes malpractice." *Muir*, 4 Ohio App.3d at 90.

Thus, when accepting as true all JS Products' allegations, JS Products has failed to state a breach of contract claim that is plausible on its face. JS Products' breach of contract claim is a claim against its attorneys for damages resulting from the manner in which the attorneys represented JS Products and, as such, the claim cannot be maintained against a law firm when such claims against the individual attorneys are time barred.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Defendant Standley Law Group, LLP's Motion for Judgment on the Pleadings. (Doc. # 22.) This decision renders moot the other two motions currently before the Court. Therefore, the Court **DENIES as MOOT** Defendant's Motion for Markman Hearing or in the Alternative to Have Requests for Admissions Deemed Admitted (Doc. # 33) and Plaintiff's Application for Leave to File Under Seal Memorandum in

Opposition to Defendant's Motion for Markman Hearing (Doc. # 37).  The Clerk is **DIRECTED to ENTER JUDGMENT** in accordance with this Opinion and Order.

      **IT IS SO ORDERED.**

                                **/s/ Gregory L. Frost**
                                **GREGORY L. FROST**
                                **UNITED STATES DISTRICT JUDGE**